[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I.
 Introduction and Factual Background
The plaintiff, James Perkins, has filed this action, pursuant to General Statutes § 38a-321, to recover from the defendant, Covenant Insurance Co. ("Covenant"), the sum of $225,000.00, the amount of a judgment previously entered in the plaintiff's favor against Covenant's insured, Erik Layton. The plaintiff was injured when fire spread to his house after Layton caused an explosion to occur on his own adjacent property.
Excerpts from Layton's deposition and guilty plea indicate that he arranged to have his home destroyed by fire in order to collect the insurance proceeds, and that he convinced his friend, David Oakes, to set the fire while Layton was out of town. Apparently, after Oakes spread gasoline throughout the house, but prior to his actually lighting a fire, the heating system switched on, causing an explosion. Layton plead guilty to a violation of 18 U.S.C. § 844(i) and (2) (Aiding and Abetting in the Malicious Destruction by Means of Fire of Real Property Used in Interstate Commerce). CT Page 9053
The defendant now moves for summary judgment in its favor and argues, inter alia, that the insured's activities constituted fraud so as to render the policy null and void.[1]
 II. Discussion
The plaintiff claims that pursuant to General Statutes § 38a-321, he is subrogated to the rights of the insured against the defendant insurance company. This is unquestionably a legitimate assertion. Section 38a-321, which governs the liability of an insurer under a liability policy, provides in relevant part that a judgment creditor of an insured defendant "shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to thesame extent that the defendant in such action could have enforcedhis claim against such insurer had such defendant paidsuch judgment." (Emphasis added.) General Statutes § 38a-321.
Covenant argues however, that the entire policy is void as a result of the insured's fraud. Specifically, pursuant to a special provisions endorsement to the policy, certain "conditions" serve to void the policy. The conditions apply to coverage under both Section I (Property Coverage) and Section II (Liability Coverage) of the policy. These conditions clearly provide that "[t]he entire policy will be void if . . . an insured has intentionally . . . engaged in fraudulent conduct."[2]
The dispositive issue therefore is whether the insured's conduct vitiates the entire policy. The defendant argues that the exclusionary provision applies here because arson is the classic example of insurance fraud. This court is not focusing on the arson, per se, but rather the burning of the dwelling for the purpose of collecting the insurance proceeds. This is the fraudulent act (and, of course, this was admitted to by Erik Layton).
The principles of contract construction govern the interpretation of insurance policies. Schultz v. Hartford FireIns. Co., 213 Conn. 696, 702 (1990); and the interpretation of an insurance contract presents a question of law. Aetna Life Casualty Co. v. Bulaong, 218 Conn. 51, 58 (1991). In this court's view, this arson, for the purpose of collecting the insurance proceeds, clearly falls within the realm of fraudulent CT Page 9054 conduct.
Notwithstanding this, the plaintiff argues that "whatever `fraudulent conduct' defense might be available to the defendant for a first party claim by Layton, such defense is not available to defend a claim by an innocent third-party against the liability coverage afforded by policy Section II." The plaintiff claims that the only "fraudulent conduct" was Layton's plan to burn his house for the insurance proceeds; and that this conduct was fraudulent only as to a potential claim by Layton under Section I of the policy (Property Coverage). The plaintiff concludes that "there is no basis whatsoever for a contention that Layton's conduct was fraudulent as to a third-party claim by others for damages under Section II (Liability Coverage) of the policy. This court disagrees.
While the court certainly has empathy for an innocent person who is severely injured as a result of the depraved acts of another, the plaintiff's evaluation of the consequences of the relevant exclusionary provision fails to withstand logical or legal scrutiny. It is clear that pursuant to General Statutes § 38a-321, any rights that the plaintiff has against the insurer are no different or greater than the rights of Layton.Brown v. Employer's Reinsurance Corporation, 206 Conn. 668, 673
(1988). "The statute does not, for the benefit of the injured an insurer in an action by the assured." Arton v. Liberty MutualIns. Co., 163 Conn. 127, 140 (1972).
Simply put, the plaintiff in this action stands in the shoes of the insured. Because the exclusionary provision clearly states that the policy is void if the insured engages in fraudulent conduct, the policy is void as to both the insured and to anyone claiming through him. Covenant has no contractual obligation to compensate the plaintiff for his loss, and its motion for summary judgment is therefore granted.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT